# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * * * | 3:01-cr-00139-6 |
| Plaintiff, | * * | |
| v. | * * | |
| MARTIN MIRANDA SUAREZ, | * * | ORDER |
| Defendant. | * * * | |

Before the Court is Defendant Martin Miranda Suarez's pro se motion filed on March 15, 2019, seeking a reduction of his sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. ECF No. 542. The Government has not responded and the time within which to do so has expired. The matter is fully submitted.

Defendant pleaded guilty to one count of Conspiracy to Distribute and Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) and § 846. *See* ECF Nos. 83, 304. On January 29, 2003, the Court sentenced Defendant to 292 months of incarceration followed by 10 years of supervised release. ECF No. 305. On November 19, 2014, Defendant moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines (the Drugs Minus Two Amendment). ECF No. 516. The Court initially denied his motion as premature but assured Defendant it would automatically review his case for consideration of a reduction pursuant to Amendment 782, which became effective on November 1, 2014, and which the U.S. Sentencing Commission voted to apply retroactively. ECF No. 518. Subsequently, following its automatic review, the Court denied Defendant's motion for a reduction concluding Defendant was "ineligible for a sentencing reduction because Amendment 782 does not have the effect of

lowering Defendant's amended sentencing guideline range." ECF No. 522 (citing U.S. Sentencing Guidelines Manual §§ 1B1.10(a)(2)(B) (Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)); 4B1.1(b)(1) (Career Offender) (U.S. Sentencing Comm'n 2014)).

Defendant now asks this Court to reconsider reducing his sentence to time served in light of the recent passage of the First Step Act on December 21, 2018. Section 404 of the First Step Act provides that the court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220, 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194. The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* § 404(a). Section 2 of the Fair Sentencing Act modified the statutory penalties for violations of the Controlled Substances Act, 21 U.S.C. § 841(b)(1), effectively reducing the penalties applicable to defendants convicted of possession of crack cocaine. Pub. L. No. 111-220, sec. 2, § 401(b)(1), 124 Stat. 2372 (2010). Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for simple possession of crack cocaine. Pub. L. No. 111-220, sec. 3, § 404(a), 124 Stat. 2372 (2010).

Neither section applies in this case. Defendant was not convicted of possession of crack cocaine in violation of § 841(b)(1)(A)(iii) or (b)(1)(B)(iii)—the subsections amended by the Fair Sentencing Act, *id.*; rather, Defendant was charged with and pleaded guilty to Conspiracy to Distribute and Possession with Intent to Distribute Methamphetamine in violation of § 841(b)(1)(B)(viii). Therefore, he is not eligible for a sentence reduction under section 404 of the First Step Act.

Accordingly, Defendant's pro se Motion to Reduce Sentence (ECF No. 542) is DENIED.

IT IS SO ORDERED.

Dated this 8th day of April, 2019.

ROBERT W. PRATT, Judge
U.S. DISTRICT COURT